UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANGELA S.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04262-MJD-JPH |
| | ) | |
| KILOLO KIJAKAZI,[2] | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR ATTORNEY'S FEES**

This matter is before the Court on Plaintiff's Attorney's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b).  [Dkt. 23.]  For the reasons set forth below, the motion is **GRANTED**.

**I. Background**

On October 18, 2019, Plaintiff filed a complaint seeking to reverse the decision of the Commissioner of Social Security denying her application for Social Security benefits.  [Dkt. 1.] On July 31, 2020, the Court entered judgment reversing and remanding the case to the Social Security Administration for further proceedings.  [Dkt. 18.]  Plaintiff received an award of

---

[1] In an attempt to protect the privacy interest of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), after the removal of Andrew M. Saul from his office as Commissioner of the Social Security Administration on July 9, 2021, Kilolo Kijakazi automatically became the Defendant in this case when she was named Acting Commissioner of the Social Security Administration.

attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), in the amount of $4,500.00, which was paid to Plaintiff's counsel.  [Dkt. 22.]

On remand, the Commissioner issued a favorable decision.  [Dkt. 23-6.]  Plaintiff was awarded past-due benefits in the amount of $61,405, $15,351.25 (25%) of which was withheld by the Commissioner for a potential fee award.[3]  [Dkt. 23-3.]

On April 5, 2022, Plaintiff's counsel filed the instant motion, seeking an award of attorney's fees pursuant to Section 406(b) of the Social Security Act.  [Dkt. 23.]  Counsel asks the Court to order the Commission to remit to counsel $15,351.25, and to order Counsel to refund to Plaintiff the $4,500.00 in EAJA fees that was awarded by this Court for EAJA fees.  The Commissioner does not object to the motion.  [Dkt. 24.]

## II.  Legal Standard

Section 406(b) of the Social Security Act provides that a district court may grant "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled" as part of a judgment in favor of the claimant in a

---

[3] The agreement between Plaintiff and her counsel provides for a fee award of 25 percent of the total back-due benefits awarded to Plaintiff.  *See* [Dkt. 23-4].  Plaintiff's counsel states that Plaintiff received a back pay award of $67,993.00, and explains that "[t]here was a delay in the calculation of the total amount of backpay and for an unknown reason Social Security did not withhold a full twenty-five percent of the backpay for attorney fees.  Counsel has decided to limit her request to what was withheld by the Agency, which represents approximately 22.5 percent of [Plaintiff's] backpay."  [Dkt. 23 at 3.]  However, the Acting Commissioner explains that, while Plaintiff was owed $67,993.00 by the time the backpay was calculated, only the $61,405.00 due for November 2015 through July 2021 counted as past-due benefits for purposes of the fee award calculation.  [Dkt. 24 at 2 n.1] (citing 20 C.F.R. § 404.1703 (explaining that past-due benefits are those benefits that have accrued through the month before the month of the relevant decision); Program Operations Manual System (POMS) GN 03920.030D (explaining what events constitute the relevant decision), available at https://secure.ssa.gov/apps10/poms.nsf/ lnx/ 0203920030 (last visited Apr. 7, 2022)).  The $15,351.25 that was withheld is 25% of $61,405.00.

disability benefit appeal. 42 U.S.C. § 406(b)(1)(A). Even where an attorney's section 406(b) motion for fees is not opposed, the Court must review the outcome of any contingent fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

### III. Discussion

As noted above, Plaintiff's counsel seeks an award of attorney's fees in the amount of $15,351.25, which is 25 percent of the total past-due benefits awarded to Plaintiff. The Supreme Court in *Gisbrecht* found that section 406(b) was designed "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. Those controls include the following parameters: (1) attorney fees may only be obtained if the claimant is awarded back benefits; (2) attorney fees are awarded from, not in addition to, those back benefits; and (3) attorney fees cannot exceed 25 percent of the back benefits. *Id.* at 795. Here, Plaintiff was awarded back benefits, so an award of section 406(b) attorney's fees is appropriate.

However, a fee award of 25 percent of the amount of past-due benefits is not presumptively reasonable "[i]f the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808. For over a decade, "'[w]ithin the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 [have] consistently [been] found to be reasonable.'" *Bradley L. v. Kijakazi*, 2021 WL 3931167, at *3 (S.D. Ind. Sept. 2, 2021) (quoting *Taylor v. Berryhill*, 2018 WL 4932042, at *2 (S.D. Ind. Oct. 10, 2018)); *see also Zimmerman v. Astrue*, No. 1:08-cv-00228, 2011 WL 5980086, at *3 (N.D. Ind. Nov. 29, 2011) (approving an award equivalent to an hourly rate of $410); *Duke v. Astrue*, No. 1:07-cv-00118, 2010 WL 3522572, at *3-4 (N.D. Ind. Aug. 30, 2010) (approving award equivalent to an

hourly rate of $549.14); *Schimpf v. Astrue*, No. 1:06-cv-00018, 2008 WL 4614658, at *3 (N.D. Ind. Oct. 16, 2008) (approving award equivalent to an hourly rate of $583.50). Awards with higher equivalent hourly rates also have been awarded. *See*, *e.g.*, *Michael G. v. Kijakazi*, 2022 WL 130905, at *6 (S.D. Ind. Jan. 12, 2022) (effective hourly rate of approximately $927.12); *Ryan S. v. Kijakazi*, 2022 WL 93500, at *1 (N.D. Ill. Jan. 10, 2022) (effectively hourly rate of $653.19); *Bernarducci v. Saul*, 2021 WL 2376395, at *2 (N.D. Ind. June 10, 2021) (effective hourly rate of approximately $734.00).

In this case, Plaintiff's counsel expended a total of 23.4 hours litigating this case in this court. *See* [Dkt. 23-5]. Dividing $15,351.25 (i.e., the award counsel has requested under section 406(b)) by the 23.4 hours spent, the average hourly rate comes to $656.04. This is not out of line with the generally expected range in the Seventh Circuit, and the Court finds the total to be reasonable.

### IV. Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiff's Attorney's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b), [Dkt. 23], and awards fees in the amount of $15,351.25, to be paid directly to Plaintiff's counsel by the Commissioner. Plaintiff's counsel is **ORDERED** to refund to Plaintiff the $4,500.00 in EAJA fees previously paid to counsel **within thirty days** of the receipt of the funds from the Commissioner.

SO ORDERED.

Dated:  8 APR 2022

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.